IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Michael T. Braxton, | ) |
|        Petitioner, | ) C.A. No. 8:22-02806-HMH-JDA |
| vs. | ) **OPINION & ORDER** |
| Warden of the Anderson County Detention Center, | ) |
|        Respondent. | ) |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Petitioner Michael T. Braxton ("Braxton") is currently detained at the Anderson County Detention Center, where he is awaiting a civil commitment trial under the South Carolina Sexually Violent Predator Act ("SVPA").[2] Braxton filed this action on August 18, 2022,[3] seeking habeas corpus relief under 28 U.S.C. § 2241, alleging, among other things, that he "remains in illegal detention" based "solely on a probable cause determination." (§ 2241 Pet. 7, ECF No. 1.) (internal quotations omitted). In

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] S.C. Code Ann. §§ 44-48-10 to -170.

[3] See Houston v. Lack, 487 U.S. 266 (1988).

1

her Report and Recommendation, Magistrate Judge Austin recommends dismissing Braxton's petition without requiring the Respondent to file a return because (1) Braxton's claims are not properly before the court based on Younger[4] abstention and (2) Braxton has failed to exhaust his state court remedies. (R&R 5, ECF No. 12.)

Braxton timely filed objections to the Report and Recommendation on September 22, 2022.[5] (Objs., ECF No. 14.) Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Braxton's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean two specific objections. Braxton specifically objects (1) that his "failure to exhaust should be excused, due to the inordinate delay that has occurred" in his SVPA case, and (2) that Younger does not apply because the delay has caused him "irreparable injury." (Objs. 1, 3, ECF No. 14.)

Younger instructs that federal courts should not interfere with "pending state court proceedings except under special circumstances." 401 U.S. at 41. To determine whether

---

[4] 401 U.S. 37 (1971).

[5] See Houston v. Lack, 487 U.S. 266 (1988).

Younger applies, the court follows a three-step analysis. See Air Evac EMS, Inc. v. McVey, 37 F.4th 89, 96 (4th Cir. 2022). The court first must determine whether the state court proceeding falls within one of three narrow categories: (1) "ongoing state criminal prosecutions," (2) "certain civil enforcement proceedings" that are "akin to a criminal prosecution in important respects," or (3) "pending civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 78-79, 82 (2013) (internal quotations and citations omitted) (clarifying that Younger extends to three "exceptional categories" of cases "but no further"). Next, the court considers the "*additional* factors" of whether (1) there is "an ongoing state judicial proceeding"; (2) the proceeding "implicates important state interests"; and (3) the petitioner has "an adequate opportunity to raise [federal] challenges" in the state proceeding. Id. at 81 (emphasis in original and citation omitted); see Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Third, and finally, the court considers whether any of Younger's exceptions apply. Abstention is not appropriate if:

> (1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury.

Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006) (quoting Kugler v. Helfant, 421 U.S. 117, 124 (1975)).

SVPA proceedings fit within the second Sprint category – that is, "civil enforcement proceedings" that are "akin to a criminal prosecution in important respects." Sprint, 571 U.S. at 78, 79. Sprint characterized cases falling within the second category as those "initiated by the

3

State in its sovereign capacity" following a "preliminary investigation" and upon "filing of a formal complaint or charges." Id. at 79-80 (internal quotations and citations omitted). These hallmarks are present in an SVPA proceeding.

Upon notice from a state agency that a person convicted of a sexually violent offense is scheduled to be released, a multidisciplinary team appointed by the Department of Corrections conducts an "investigation" into the individual's criminal and medical history. S.C. Code Ann. §§ 44-48-40, 44-48-50. If the team believes that the person meets the statutory definition of a sexually violent predator, the team forwards its findings to a prosecutor's review committee appointed by the Attorney General. Id. §§ 44-48-50, 44-48-60. If the review committee, in turn, finds probable cause that the person is a sexually violent predator, the Attorney General "formally" "initiates" the proceeding by petitioning the court in the jurisdiction where the person committed the underlying offense for a probable cause hearing. Id. § 44-48-70. At the hearing, the individual is entitled to be represented by an attorney, to present evidence, and to cross examine witnesses. Id. § 44-48-80(C). If the court finds probable cause, the person is taken into custody until a final determination is made. Id. § 44-48-80(A).

Finally, and critically, if the person is found to be a sexually violent predator beyond a reasonable doubt at trial, either by the court or a unanimous jury – if the person elects to be tried by a jury – he or she is involuntarily committed to a state facility. Id. §§ 44-48-90(B), 44-48-100(A). Based on the foregoing, SVPA proceedings fall within the second category of cases to which Younger applies. South Carolina's SVPA proceedings are "brought by the State in its sovereign capacity" following an "investigation" and the filing of a "formal" petition and possess many similarities to traditional criminal proceedings. Sprint, 571 U.S. at 79-80 (citations omitted).

4

Next, all three Middlesex factors are present. First, Braxton's SVPA case is still ongoing in state court because no final judgment has been entered.[6] Second, South Carolina has a substantial interest in addressing "the special needs of sexually violent predators and the risks that they present to society." See S.C. Code Ann. § 44-48-20 (describing legislative findings). Third, Braxton has an adequate forum to raise his constitutional challenges.

Lastly, none of the Younger exceptions apply. There is no evidence that the proceeding was instituted in bad faith or to harass Braxton, and the South Carolina Supreme Court has upheld the SVPA against due process and equal protection challenges. See In re Treatment & Care of Luckabaugh, 568 S.E.2d 338, 346-52 (S.C. 2002). Moreover, the two-plus year delay in bringing Braxton's SVPA case to trial does not constitute an extraordinary circumstance that presents a threat of immediate and irreparable injury sufficient to justify federal intervention, especially when Braxton is partly responsible for the delay.[7] See Page v. King, 932 F.3d 898, 902 (9th Cir. 2019) (holding that a thirteen-year delay in bringing the petitioner's SVPA case to trial was not an extraordinary circumstance under Younger); Barrett v. Scott, No. 16-cv-3073, 2016 WL 3661103, at *2-3 (N.D. Ill. July 5, 2016) (unpublished) (nine-year delay in SVPA case not an exceptional circumstance); James v. Harris, No.19-CIV-21836, 2022 WL 1686494, at *1, 5 (S.D. Fla. May 26, 2022) (unpublished) (abstaining under Younger despite seven-year delay in SVPA proceeding).

---

[6] See Anderson County Tenth Judicial Circuit Public Index, https://publicindex.sccourts.org/Anderson/PublicIndex/PISearch.aspx (search by case number "2020CP0401330") (last visited Oct. 13, 2022). The court may take judicial notice of the records and docket entries in Braxton's SVPA action. See Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009); United States v. Garcia, 855 F.3d 615, 621 (4th Cir. 2017).

[7] The court notes that Braxton's counsel has twice requested a continuance and has agreed to a continuance sought by the State.

Accordingly, based on the above, the court finds that Braxton's objection is without merit and abstention is warranted under Younger.[8]

It is therefore

**ORDERED** that Braxton's petition is dismissed without requiring the Respondent to file a return.  It is further

**ORDERED** that a certificate of appealability is denied because Braxton has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[9]

**IT IS SO ORDERED.**


s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
October 13, 2022


**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[8] Having found that Younger abstention applies, the court need not address Braxton's objection regarding his exhaustion of state remedies.

[9] District courts must issue certificates of appealability when entering "a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2254 Cases. These rules may be applied to other types of habeas corpus petitions.  Rule 1(b), Rules Governing § 2254 Cases.

6